UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE HATCHETT,

      Plaintiff,

v.

                                 Case No. 07-10195
                                 Hon. Gerald E. Rosen

FLAGSTAR BANK, FSB,

      Defendant.

_____/

**ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 17, 2007    

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

      Plaintiff Yvette Hatchett, proceeding *pro se,* commenced this suit in this Court on January 11, 2007, evidently meaning to challenge unspecified actions taken by Defendant Flagstar Bank, FSB in connection with certain property in which Plaintiff apparently claims an interest. The precise nature of Plaintiff's claims and allegations is unclear, to say the least, where neither Defendant ***nor Plaintiff herself*** is referenced ***anywhere*** in the rambling 14-page complaint. Instead, the complaint purports to be brought by "John Ivory Jr." as "Intervener," and largely appears to challenge the actions of some unspecified "Plaintiff" in the sale of some unidentified property.

      Not surprisingly, by motion filed on January 30, 2007, Defendant now seeks the

dismissal of Plaintiff's complaint.  In support of this motion, Defendant argues, among other things, that Plaintiff's complaint (i) fails to identify a basis for the Court's subject matter jurisdiction over this action, (ii) fails to state any sort of claim establishing Plaintiff's entitlement to relief of any sort, and (iii) more generally, fails to meet even the lenient pleading standards under which *pro se* complaints are evaluated.  Plaintiff has not responded to this motion, but instead has filed two motions for "emergency stays" — submissions which, like her underlying complaint, shed no light whatsoever on the nature of any claims she might be asserting against Defendant, but instead consist of disjointed references to various statutes, legal doctrines, treaties, and the like.

      Under these circumstances, the Court readily concludes that Defendant's motion should be granted.  As Defendant aptly observes, "the Complaint is completely incomprehensible," and lacks any reference whatsoever to the Defendant bank, much less suggesting a basis for the bank's liability.  (Defendant's Motion, Br. in Support at 2.) While Defendant provides some helpful background information in its motion — noting, in particular, (i) that Defendant has brought suit against Plaintiff and a number of other individuals and entities in a Michigan court, alleging that these parties took part in a scheme to defraud Defendant into issuing certain mortgage and home equity loans, and (ii) that Plaintiff, in turn, commenced a state court suit just a few days before commencing this action, filing a state court complaint that is essentially identical to her complaint here — the Court simply is unable, even against this backdrop, to ascertain from Plaintiff's complaint either a basis for subject matter jurisdiction or a claim for

relief. Rather, the complaint before this Court is the farthest thing from the "short and plain statement" required for bringing claims in federal court, see Fed. R. Civ. P. 8(a), and no amount of liberal construction of a *pro se* litigant's submissions can cure this defect here.

Accordingly, because the complaint's allegations "are totally implausible, attenuated, unsubstantial, frivolous, [and] devoid of merit," the Court finds that the complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir. 1999). Alternatively, the complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to provide any indication or notice whatsoever of what Plaintiff's claims against Defendant might be or the grounds upon which such claims might rest. See Excel Energy, Inc. v. Smith (In re Commonwealth Institutional Securities, Inc.), 394 F.3d 401, 405-06 (6th Cir. 2005). Indeed, as Defendant observes, the complaint does not even identify any relief sought from Defendant, whether on behalf of Plaintiff or anyone else. While one could perhaps surmise — albeit not from anything within the complaint itself — that Plaintiff is dissatisfied with some aspect of the state court proceedings, this Court does not have the freestanding authority to supervise or second-guess any and all happenings and rulings in a separate and wholly independent Michigan court system.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's January 30, 2007 motion to dismiss is GRANTED.

              s/Gerald E. Rosen
              Gerald E. Rosen
              United States District Judge

Dated: April 17, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2007, by electronic and/or ordinary mail.

              s/LaShawn R. Saulsberry
              Case Manager